No. 25,207.

P. G. Abell, *Appellee*, v. Missouri Pacific Railroad Company, *Appellant*.

### OPINION DENYING A REHEARING.

Appeal from Ness district court; Roscoe H. Wilson, judge. Opinion denying a rehearing filed April 10, 1926. (For original opinion of reversal see *ante*, p. 362.)

*W. P. Waggener, O. P. May*, both of Atchison, and *A. S. Foulks*, of Ness City, for the appellant.

*Robert C. Mayse*, of Ashland, for the appellee.

The opinion of the court was delivered by

Mason, J.: In a petition for a rehearing the plaintiff calls attention to a misstatement of fact in the original opinion. The error was due to a misreading of the abstract, and was wholly the fault of the writer. The opinion says the plaintiff testified that a livestock contract had been issued. It was not the plaintiff, but the first witness called by the plaintiff, who so testified. No objection was made to the questions which developed the testimony, but the plaintiff moved to strike it out on the ground of being outside the pleadings. This motion, however, was overruled, the court holding the testimony competent for the purpose of determining the ad-

missibility of conversation between the plaintiff and the station agent. After hearing argument the court sustained the defendant's objection to such conversation.

The plaintiff's attorney then made this offer:

"The plaintiff in this case offers to prove by the witness that the defendant company at Ransom, Kan., with Mr. Abell, the plaintiff, had a conversation prior to the time when the shipment was accepted by the railroad company, and' in that conversation with this agent told the agent that his foreman of the Trego county ranch would bring the cattle to Ransom, Kan., and bill them out to Chicago, with the privilege of unloading the cattle at Kansas City, according to the custom of the railroad company, and that the agent witness told Mr. Abell in that prior conversation that he would bill the cattle out as directed by him."

To this the defendant's attorney responded:

"Defendant admits that the shipment of cattle was shipped under a written live-stock contract to Chicago, Ill., with privilege of stopping shipment at Chicago or at Kansas City, for the market at that point, and further admits that the shipment was stopped at Kansas City, Mo., and with the consent of both the plaintiff and defendant, and that the freight between Ransom and Kansas City was paid by the plaintiff."

The plaintiff's attorney then said: "With that admission we will withdraw our former offer."

The plaintiff in taking advantage of the admission without reservation seems to have accepted it as a whole, including the statement that the cattle were shipped under a written contract. But that consideration is superfluous. The existence of the writing was substantially, although not formally, admitted throughout. The plaintiff's position was not that there was no bill of lading, but that the defendant ought not to be allowed to have the benefit of it. There is not and has not been at any time a denial or doubt that the contract of shipment was in writing. The fact was developed early in the trial and definitely established, and the circumstance that it was brought out by another witness than the plaintiff does not alter our conclusion that the case ought not to have been tried as though no bill of lading had been issued.

HARVEY, J., not sitting.